IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB | )<br>)<br>) Case No. 20-1379 |
| *Petitioners*, | )<br>) |
| v. | )<br>) |
| FEDERAL ENERGY REGULATORY COMMISSION, | )<br>)<br>) |
| *Respondent*. | )<br>) |

**PETITIONERS' STATEMENT OF ISSUES**

This case involves a petition to review the Federal Energy Regulatory Commission's (FERC) decision to grant authorization of the Alaska LNG Project, 171 FERC ¶ 61,134 (May 21, 2020) and its orders denying Petitioners' request for rehearing. 172 FERC ¶ 62,032 (July 22, 2020); 172 FERC ¶ 61,214 (Sept. 11, 2020).

The issues on appeal to this Court include:

1. Was FERC's determination that the Alaska LNG Project is in the public interest arbitrary and capricious?

2. Was FERC's issuance of a conditional authorization unlawful because:

    a. FERC had not yet completed consultation under the Endangered Species Act (ESA);

    b. FERC had not yet completed required cultural resources studies, mitigation plans, and other evaluations which precluded FERC from fully disclosing the impacts of the project; and

    c. FERC had not yet received Alaska's Clean Water Act certification or the details of the final pipeline route?

3. Was FERC's review under the National Environmental Policy Act (NEPA) inadequate because:

    a. The draft environmental impact statement was so incomplete as to preclude meaningful public participation;

1

      b. FERC's statement of purpose and need does not comply with NEPA;

      c. FERC failed to consider a reasonable range of alternatives;

      d. FERC failed to include a true "no action" alternative;

      e. FERC failed to take a hard look at the environmental impacts of the project, including but not limited to its cumulative and indirect impacts;

      f. FERC failed to analyze properly mitigation measures; and

      g. FERC failed to consider properly environmental justice impacts?

4. Did FERC's reliance on the biological opinions issued after FERC's authorization violate the ESA?

Respectfully submitted this 22nd day of December, 2020,

*s/ Erin Whalen*
Erin Whalen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ewhalen@earthjustice.org

*Attorney for Petitioners Center for Biological Diversity and Sierra Club*

*s/ Kristen Monsell*
Kristen Monsell
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, St. #800
Oakland, CA 94612
T: 510.844.7100
E: kmonsell@ biologicaldiversity.org

Elizabeth Jones
CENTER FOR BIOLOGICAL DIVERSITY
660 S. Figueroa Street, Suite 1000
Los Angeles, CA 90017
T: 213.785.5400
E: ljones@biologicaldiversity.org

*Attorneys for Petitioner Center for Biological Diversity*

*s/ Nathan Matthews*
Nathan Matthews
SIERRA CLUB
2101 Webster Street, Suite 1300
Oakland, CA 94612
T: 415.977.5695
E: nathan.matthews@sierraclub.org

*Attorney for Petitioner Sierra Club*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing PETITIONERS' STAEMENT OF ISSUES with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Respectfully submitted this 22nd day of December, 2020.

        *s/ Erin Whalen*
        Erin Whalen
        EARTHJUSTICE